

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

# EASTERN DIVISION

DALLAS BUYERS CLUB, LLC )

          Plaintiff, )

          v. )              Case No.: 14-cv-2169

JOHN DOES 1-37, )

           *,pro se* )

          Defendants, )

FILED

JUN X 6 2014

THOMAS G. BRUTON

                            )

## MOTION TO QUASH AND/OR VACATE SUBPOENA AND INCORPORATED MEMORANDUM OF LAW

I am representing myself *Pro Se* in this matter before the Court. I understand that Pro Se litigants are required to follow the same rules and procedures as litigants represented by attorneys as seen in **Nielson v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)**. I will abide by these rules and procedures, but ask the courts indulgence as I'm not a lawyer

### i. BACKGROUND

John Doe No. 19 (76.23.65.219) *pro se* States that:

1. John Doe No. 19 (76.23.65.219), *pro se*, moves the court, pursuant **to Fed. R. Civ. P. 45(c)(3)**, and limits his appearance for the purposes of contesting jurisdiction, for an order quashing the subpoena by Dallas Buyers Club, LLC, served on April 17, 2014, to the internet service provider Comcast Cable Communications, LLC [hereinafter referred to as Comcast] of John Doe No. 19 (76.23.65.219)[hereinafter referred to as Doe No. 19 or I], seeking information relating to the subscribers protected information and undue burden

of a certain IP address (76.23.65.219). Additionally, the subpoena seeks information that is not relevant given Plaintiff's inability to link Doe No. 19 to alleged infringing activity.

2. Defendant Doe No. 19 received a letter from Comcast indicating it had received a subpoena to divulge certain information regarding Doe No. 19. I contend Plaintiff has improperly joined 37 individual defendants based on entirely disparate alleged acts. I contend that an IP address is not equitable to a person. I further contend this cause poses an undue burden and breaches due process.

3. I can verify appropriate standing to petition this, court via **Exhibit A** which includes a copy of the letter from Comcast (personal info redacted) and **Exhibit B** which is a copy of the subpoena (Copyright infringement action). This should provide more than reasonable evidence that I am a subscriber affected by the subpoena. Considering this motion is intended to block the disclosure of privileged personal information, Doe prays for some leeway with regards to Fed. R. Civ. P. 11 particularly those requiring the filer's phone number and email.

4. Plaintiff filed suit in the Northern District of Illinois Eastern Division (I.L. No. 1:14-cv-02169) against 37 DOE defendants, who are identified in the Plaintiff's copyright infringement action (**Exhibit B**) only by internet protocol (IP) addresses. Plaintiff alleges that these DOE defendants have obtained a movie (Dallas Buyers Club) in violation of Plaintiff's copyrights.

5. Doe No. 19 is a resident of the City of Chicago, Illinois. Comcast is an internet service provider (ISP) that provides internet service to its customers, Including Doe No. 19. Plaintiff, Dallas Buyers Club, LLC, on information and belief, is a producer of entertainment film and content. Plaintiff served a subpoena on Custodian of Records, Comcast, to compel the disclosure of documents to identify the name, address, telephone number, and email of address of Doe No. 19, so Doe No. 19 can be named as a defendant in Plaintiff's copyright infringement action (**Exhibit B**).

6. Doe No. 19 lives in a door to door neighborhood with four people in the household with visitors here and there, all having the ability to access the internet without supervision.

7. Doe No. 19 has standing to move to quash the subpoena because it seeks disclosure of personal identification information considered to be confidential and over which Doe No. 19 has personal and proprietary interests. Doe No. 19 also has standing to move to quash the subpoena to protect reputational interests. **Fed. R. Civ.P. 45(c)(3)(B)** allows a person affected by, but not subject to, a subpoena to move to quash the subpoena.

8. I, Doe No. 19 under penalty of perjury, certify to this court, that I have no knowledge of the alleged infringement.

## ii. Argument

### A. Improper Joinder

1. To cut court costs the Plaintiff's counsel is using improper joinders in their mass lawsuits alleging copyright infringement through BitTorrent. These lawsuits include thousands of defendants nationwide while the most recent cases have been brought down to under a hundred defendants to avoid improper joinder dismissals, though the amount of people per case has diminished the standings for it being an improper joinder still stands.

2. In a BitTorrent case nearly identical to this one, **CP Productions, Inc. v. Does 1-300 case 1:2010-cv-06255**, the court notes before dismissal:

"[I]f the 300 unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap -- if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350."

3. The Plaintiff joinder of 37 defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere. As one court noted:

Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed..... Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants. **BMG Music v. Does 1-203, No. Civ.A. 04-650,2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004)(severing lawsuit involving 203 defendants).**

4. Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

Persons...may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. **Fed. R. Civ. P. 20.**

5. Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met:

(1) The right to relief must be "asserted against them jointly, severally or in the alternative";

(2) The claim must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"

(3) There must be a common question of fact or law common to all the defendants. Id.

6. Joinder based on separate but similar behavior by individuals allegedly using the internet to commit copyright infringement has been rejected by courts across the country. In **LaFace Records, LLC v. Does 1-38 No. 5:07-cv-298-br, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008)**, the court ordered severance of lawsuit against 38 defendants where each defendant used the same ISP as well as some off the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for the purpose of joinder." **LaFace Records, 2008 WL 544992, at *2**. In **BMG Music v. Does 1-4, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006)**, the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also **Interscope Records v. Does 1-25, No. 6:04-cv-197-Orl-22DAB, 2004 U.s> Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004)**(magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); **BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004)**(severing lawsuit involving 203 defendants); **General Order, In re Cases Filed by Recording Companies, filed in Fonovisa, Inc. et al. v. Does 1-41 (No. A-04-CA-550 LY), Atlantic Recording Corporation, et al. v. Does 1-151 (No. A-04-CA-636 SS), Elektra Entertainment Group, Inc. et al. v. Does 1-11 (No. A-04-CA-703 LY)**; and **UMG Recordings, Inc., et al. v. Does 1-51 (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A**, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 25 Conference, **Twentieth Century Fox Film Corp., et al., v. Does 1-12, No. C-04-04862 (N.D. Cal Nov. 16, 2004)** (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

7. Plaintiff may argue that, unlike RIAA cases, its allegations here are based upon use of the Internet to infringe a single work with a single "unique" hash.

While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See **BMG Music v. Does 1-203, 2004 WL 953888, at *1**.

8. Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since 2002.[1]

9. Discussions of the technical details of the BitTorrent protocol aside, the individual defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no credible allegations that ant copy of the work they downloaded came jointly from any other Doe defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not to be followed here.

10. Because the improper joining of these Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the defendants and "drop" Does 1-37, from the case. See **Fed. R. Civ. P. 21**.

11. For more proof of mass joinder are smaller bunches of cases filed almost simultaneously all claiming to have the same parameters in the United States Court of the Northern District of Illinois. Totaling 350 individual John Does including this case's Does. Making that 9 similar lawsuits. **1:14-cv-02170 1-33 Does, 1:14-cv-02153 1–39 Does, 1:14-cv-02156 1–41 Does, 1:14-cv-02158 1–39 Does, 1:14-cv-02162 1–36 Does, 1:14-cv-02163 1–45 Does, 1:14-cv-02165 1–34 Does, 1:14-cv-02168 1–46 Does, and 1:14-cv-02170 1-33 Does.**

B. **Internet Protocol ("IP") addresses don't, by themselves qualify as personal information capable of accurately identifying an individual.**

1. This subpoena should not have been issued in the first place because the information sought is not relevant to Plaintiff's allegations. Implicit in the rule granting subpoena power is a requirement that the

---

1. http://gondwanaland.com/mlog/2004/12/30/deployment-matters/

subpoena seeks relevant information. See **Sypnoss v. United States, 181 F.R.D. 224, 226 (W.D.N.Y. 1998)**("the reach of a subpoena issued pursuant to **[Fed.R.Civ.P.45]** is subject to the general relevancy standard applicable to discovery under **[Fed.R.Civ.P.26(b)(1)]**.") The information linked to an IP address cannot give you the identity of the infringer. **VPR Internationale Order, at 2**. Because the infringer could have been anybody with a laptop passing within range of the router, the information sought by Plaintiff is not relevant to the allegations in any way. Id. Moreover, even if the information has some small amount of relevance to the claim—which it does not—discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of burden to the defendant. **Fed.R.Civ.P.26(b)(2)(C)(iii)**. Plaintiff's request fails that balancing test. Given Doe No. 19 was only one of many persons who could have used the IP address in question, the quantum of relevance is miniscule at best. However, as discussed above, the burden to Doe No. 19 is severe. The lack of relevance on the one hand, measured against the sever burden of risking a significant reputational injury on the other, means that this subpoena fails the Rule 26 balancing test. Id. Plaintiff's request for information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to Doe No. 19 and 36 other Does if allowed to process. Good cause exists to quash the subpoena issued to Comcast to compel the disclosure of the name and address of Doe. 19. Also other information not stated and only referred to as other information that is not listed in the subpoena.

2. Plaintiff filed an ex parte application for "early discovery" so that it could serve subpoenas on ISPs, such as Comcast, to determine the internet subscriber names, addresses, email addresses and other pertinent information associated with the IP address listed in the Plaintiff's copyright Infringement action (**Exhibit B**).

3. This is yet another in a wave of suits in which copyright infringement plaintiffs seek to "tag" a defendant based solely on an IP address. However, an IP address is not equivalent to a person or entity. It is not a fingerprint or DNA evidence – indeed, far from it. In a remarkably similar case in which an adult entertainment content producer also sought expedited discovery to learn the identity of persons associated with IP address, United States District Judge Harold Baker of the Central District of Illinois denied a motion for expedited discovery and

reconsideration, holding that, "IP subscribers are not necessarily copyright infringers…The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." **Order of Apr. 29, 2011, VPR Internationale v. DOES 1-1017, No. 2:11-cv-02068** (Central District of Illinois) (Judge Harold A. Baker) [hereinafter VPR Internationale Order], attached hereto as **Exhibit C**. The point so aptly made by Judge Baker is that there may or may not be a correlation between the individual subscriber, the IP address, and the infringing activity. Id.

4. Further, the subpoena received by Comcast is overbroad in that there is no proof that the person whose information Plaintiff receives acted in any way to violate any copyright law. At most, Plaintiff may be able to implicate an unknown computer rather than a person.

5. Doe No. 19 has multiple computers in their residence used by multiple users (family members, roomates, friends, visitors, etc.), that all share the same IP address (internet connection). I had no knowledge of the alleged infringement.

## C. Undue Burden

1. The likelihood that an individual, other than Doe No. 19, infringed Plaintiff's copyrights is too great to support any correlation between Doe No. 19 and the alleged violation that Plaintiff seeks to prove. Here, the risk of reputational injury to a man from public exposure and association with these allegation – even if later disproven is too great and presents an undue burden to Doe No. 19 under **Fed. R. Civ. P. 45(c)(3)(A)(iv). See VPR Internationale Order, at 3**.

2. If the mere act of having an internet address can link a subscriber to copyright infringement suits, internet subscribers such as Doe No. 19 will face untold reputational injury, harassment, and embarrassment. The reputational risk that Judge Baker found to be an undue burden is equally presented here: "[W]hether you're guilty or not, you look like a suspect." **At 3**. Moreover, this case presents the same extortion risk that so concerned Judge Baker:

"Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong and embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove this case."

3. Discovery is not a game. Yet, plaintiffs in these types of causes use discovery to extort settlements from anonymous defendants who wish to avoid the

embarrassment of being publicly associated with this type of allegation. Id. Such abuse of the discovery process cannot be allowed to continue.

4.  The risk of false identification by ISPs based on internet protocol addresses is vividly illustrated by Judge Baker when he described a raid by federal agents on a home allegedly linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP (in the same fashion as Plaintiff seeks to extract such information as Comcast.)

5.  After the raid revealed no pornography on the family computers, federal agents eventually learned they raided the wrong home. The downloads of pornographic material were traced to a neighbor who had used multiple IP subscribers' Wi-Fi connections. Id. This risk of false identification and false accusations through disclosure of material in question, should this Court force Comcast to turn over the requested information, Doe No. 19 would suffer a reputational injury.

6.  Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv) a subpoena shall be quashed or modified if it subjects a person to undue burden. Doe asserts being subject to an undue burden in being a target of this civil action when there is a substantial likelihood that the plaintiff will be unable to establish that Doe No. 19 was actually the person responsible for any files transferred at the times alleged, or that Doe No. 18 copied, distributed, or otherwise infringed on a protected work owned by the plaintiff. Furthermore, the removal of Doe's No. 19 cloak of anonymity will subject him to intrusive public scorn as an alleged unlawful copier of pirated movies.

## D. Lack of jurisdiction

1.  According to the docket sheet for Plaintiff's suit (**Exhibit B**), no defendant has been identified, served with process, or answered. The Northern District of Illinois Eastern Division thus lacks personal jurisdiction over any of the DOEs at this point. The northern District of Illinois Eastern Division also lacks jurisdiction over Doe No. 19.

2.  The Plaintiff bears the burden of demonstrating personal jurisdiction. **RAR, Inc., v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997)**.

3.  Federal cases with personal jurisdiction analysis under internet activity have repeatedly dismissed complaints for want of personal jurisdiction unless a contractual relationship exists with a party located within the state to establish sufficient minimum contacts, and no such relationship has been plead by the Plaintiff. See **GTE New Media Servs. V. BellSouth Corp., 199 F .3d 1343, 1348-49 (D.C. Cir. 2000) (citing Bensusan Restaurant Corp v. King, 126 F. 3d 35, 29 (2d Cir. 1997); Mink v. AAAA Development, LLC, 190 F .3d**

<u>333, 336-37 (5th Cir. 1999)</u>; <u>Cybersell, Inc., 130 F.3d 414, 419-420 (9th Cir. 1997)</u>.

4. Plaintiff is fully aware of this court's lack of personal jurisdiction of John Doe No. 19 to this jurisdiction, as the Plaintiff is aware that IP addresses may be located geographically to determine the proper jurisdiction without such John Doe discovery. See <u>e.g., 16 Alb. L.J. Sci. & Tech. 343, 356</u> (discussing IP geoloaction technologies). See also <u>Universal City Studios Productions LLLP v. Franklin, 2006 U.S. Dist. Ct. Motions 748729, 9, n4 (N.S. Ind. Sept. 26, 2006)</u> (plaintiff's memorandum of law seeking default judgment for copyright infringement over the internet, discussing geolocation of an ISP and claiming that statutory damages were reasonable, whereupon investigation of the location of the ISP, they would file a John Doe suit in the jurisdiction where the ISP is located in order to serve discovery).

5. Upon compliance from the ISP with the subpoena of the Plaintiff in this case, the John Doe identity will be established and the case will immediately be amended, and John Doe No. 19 will be added as a party to the case, and immediately the court will lack personal jurisdiction. Requiring individuals from across the country to litigate in this district creates exactly the sort of hardship unfairness that the personal jurisdiction requirements exist to prevent. See <u>International Shoe at 311</u>. See also <u>U.S. Const. amend. XIV</u>.

**E. Basic Fairness and Due Process**

1. The Comcast Subpoena should also be quashed because it fails to sufficiently verify the validity of the information forming the basis of the request. The accuracy of the data is tenuous and unsubstantiated. Insufficient evidence has been produced for a *prima facie* demonstrating that the investigation techniques of the Plaintiff have nay degree of accuracy in implications Doe No. 19 in the alleged infringement. It violates due process by allowing the identified Defendant to be subjected to the Plaintiff's direct discovery and/or interrogatories without being formally served the complaint, the filling of responsive pleadings by the defendants, or a Rule 26(f) conference between parties.

WHEREFORE, Defendant John Doe No. 19 respectfully prays the Court GRANTS Defendant's Motion to Quash Plaintiff's Subpoena to Comcast Cable Communications, LLC. Finally, Defendant respectfully prays the Court to grant Defendant such other relief as is just and equitable under the facts and circumstances of this case.

Dated: June 5th, 2014

Respectfully submitted,

X_____

John Doe No. 19 (76.23.65.219)

Pro se

**Certificate of Service**

I hereby certify that on 6/5/2014, I served a copy of the foregoing document, via US Mail, on:

Michael A. Hierl

Hughes Socol Piers Resnick & Dym, Ltd.,

70 West Madison Street,

Suite 4000,

Chicago, IL 60602

mhierl@hsplegal.com

Telephone: (312) 604-0067

And via Us Mail, on Comcast Cable Communications, LLC:

NE&TO

650 Centerton Road

Moorestown, NJ 08057

Telephone: 866-947-8572

Fax: 866-947-5587

Dated: June 5th, 2014

Respectfully submitted,

X_____,

John Doe No. 19 (76.23.65.219)

Pro se

**Exhibit A**



NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

May 12, 2014

***Personal and Confidential***

***Via UPS & USPS Delivery***

ZBIGNIEW WOJCIK
3939 N SAYRE AVE
CHICAGO, IL 60634-2330

    Re: *Dallas Buyers Club, LLC v. Does 1-37*
      United States District Court for the Northern District of Illinois
      Docket No.: 1:14-cv-02169
      Order Entered: April 17, 2014
      Comcast File #: 552663

Dear Zbigniew Wojcik:

   Dallas Buyers Club, LLC has filed a federal lawsuit in the United States District Court for the Northern District of Illinois. You have been identified in our records via your assigned Internet Protocol ("IP") address, which is unique to each internet user, in this lawsuit for allegedly infringing Dallas Buyers Club, LLC's copyrights on the Internet by uploading or downloading content without permission. This was allegedly done using a device assigned the IP address 76.23.65.219 on 01/16/2014 11:35:11 PM GMT. The court has ordered Comcast to supply your name, address and other information to Dallas Buyers Club, LLC in the attached Order and accompanying Subpoena. The case has been assigned Docket Number 1:14-cv-02169 by the court. If you have any questions about the lawsuit, you should consult an attorney immediately. **Comcast cannot and will not provide any legal advice.**

   Comcast will provide your name, address, and other information as directed in the Order and Subpoena unless you or your attorney file a protective motion to quash or vacate the Subpoena in the court where the subpoena was issued **no later than June 11, 2014.** If you make this filing, you must notify Comcast in writing with a copy and proof of filing by sending it via fax to (866) 947-5587 **no later than June 11, 2014.** Please note that Comcast cannot accept or file any legal action on your behalf. If you do not file a motion to quash or vacate the Subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name, address and other information as directed in the Order to the Plaintiff.

   If you have legal questions about this matter, please contact an attorney.

        Sincerely yours,

        Comcast Legal Response Center

Attachments:  Copy of Subpoena and accompanying Court Order regarding civil action

**Exhibit B**

| IP Address | HitDate/Time (UTC) |
|---|---|
| 98.227.104.47 | 2014-01-18 08:10:37 PM |
| 50.179.153.75 | 2014-01-18 07:55:25 PM |
| 71.194.199.248 | 2014-01-18 06:16:42 PM |
| 50.178.39.243 | 2014-01-18 05:07:58 PM |
| 71.201.69.130 | 2014-01-18 04:11:10 AM |
| 98.212.27.91 | 2014-01-18 02:22:07 AM |
| 98.193.91.58 | 2014-01-18 01:51:51 AM |
| 73.50.8.95 | 2014-01-17 10:09:15 PM |
| 98.220.127.182 | 2014-01-17 10:08:25 PM |
| 24.12.105.201 | 2014-01-17 08:04:42 PM |
| 68.58.148.111 | 2014-01-17 05:20:46 PM |
| 98.212.229.101 | 2014-01-17 04:59:32 PM |
| 24.13.252.11 | 2014-01-17 03:09:31 PM |
| 69.246.252.228 | 2014-01-17 02:10:38 PM |
| 98.226.253.13 | 2014-01-17 07:20:31 AM |
| 67.162.58.117 | 2014-01-17 02:50:24 AM |
| 71.57.22.72 | 2014-01-17 02:14:35 AM |
| 98.223.130.116 | 2014-01-17 01:00:52 AM |
| 76.23.65.219 | 2014-01-16 11:35:11 PM |
| 98.212.231.245 | 2014-01-16 10:09:13 PM |
| 98.213.72.85 | 2014-01-16 08:41:35 PM |
| 76.29.34.182 | 2014-01-16 05:03:47 PM |
| 50.165.38.7 | 2014-01-16 04:27:05 PM |
| 71.201.206.176 | 2014-01-16 03:12:24 PM |
| 76.29.75.101 | 2014-01-16 12:43:59 PM |
| 71.239.228.55 | 2014-01-16 03:32:52 AM |
| 76.29.9.83 | 2014-01-15 11:50:15 PM |
| 24.12.231.203 | 2014-01-15 11:07:12 PM |
| 71.228.60.9 | 2014-01-15 03:21:35 AM |
| 98.226.255.83 | 2014-01-15 12:09:29 AM |
| 50.196.205.84 | 2014-01-14 10:28:31 PM |
| 24.12.231.21 | 2014-01-14 04:48:36 PM |
| 50.151.42.47 | 2014-01-14 05:00:46 AM |
| 50.158.77.141 | 2014-01-14 04:31:09 AM |
| 67.175.35.250 | 2014-01-14 01:37:34 AM |
| 76.16.52.153 | 2014-01-14 01:19:52 AM |

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | | |
|---|---|---|
| DALLAS BUYERS CLUB, LLC | ) | |
| *Plaintiff* | ) | Civil Action No.  14-cv-2169 |
| v. | ) | |
| DOES 1-37 | ) | (If the action is pending in another district, state where: |
| | ) | |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Subpoena Compliance/Custodian of Records: Comcast Cable Holdings, LLC, c/o The Corporation Company, 600 S. Second Street, Suite 103, Springfield, IL 62704

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions of the attached Order, provide the names and current addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will provide data to you in the most efficient and cost-effective format if you inform us of your preferred format.

| Place: Hughes Socol Piers Resnick & Dym, Ltd. | Date and Time: |
|---|---|
| 70 West Madison Street, Suite 4000 Chicago, IL 60602 | 05/22/2014 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: *APRIL 22, 2014*

CLERK OF COURT

                                                                    OR

_____                    _____
Signature of Clerk or Deputy Clerk                         Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
 Dallas Buyers Club, LLC                                            , who issues or requests this subpoena, are:
Michael A. Hierl, Hughes Socol Piers Resnick & Dym, Ltd., 70 West Madison Street, Suite 4000, Chicago, IL 60602; mhierl@hsplegal.com; (312) 604-0067

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   14-cv-2169

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6,1
### Eastern Division

Dallas Buyers Club, LLC

                      Plaintiff,

v.

                                      Case No.: 1:14−cv−02169
                                      Honorable James B. Zagel

Does 1−37

                      Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, April 17, 2014:

        MINUTE entry before the Honorable James B. Zagel: Motion hearing held. Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference [8] is granted. Status hearing set for 7/22/14 at 9:15 a.m. Mailed notice(ep, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov.*

**<u>Exhibit C</u>**

1  Richard N. Koehler II
2  Ohio Bar No. 0031407
   (Motion to appear Pro Hac Vice
3  pending)
   Koehler Law Office
4  6 S. 2nd St. Ste. 205
5  Hamilton, OH 454013
   Telephone: 513-868-0008
6  Facsimile: 513-868-2044
   Email: richard@koehlerlawoffice.org
7
8  Attorney for Doe 605

9           UNITED STATES DISTRICT COURT

10      FOR THE NORTHERN DISTRICT OF ILLINOIS

11                      DIVISION

12
13  THIRD DEGREE FILMS, INC., a California    ) CASE NO. _____
    Corporation,                              )
14
            Plaintiff,                        ) MOTION TO QUASH SUBPOENA
15
                  vs.                         ) SERVED UPON CUSTODIAN OF
16
    DOES 1-2010,                              ) RECORDS, WIDE OPEN WEST,
17
            Defendants.                       ) AND MEMORANDUM OF
18
                                              )  AUTHORITIES
19

20      COMES NOW DOE No. 605 and states as follows:

21

22      1.      Pursuant to Fed. R. Civ. P. 45(c)(3)(A), DOE 605 files this Motion to Quash

23  Subpoena served upon Custodian of Records, Wide Open West, because the subpoena requires

    disclosure of protected information and subjects DOE No. 605 to undue burden.
24
            Additionally, the subpoena seeks information that is not relevant given Plaintiff's
25
    inability to link DOE 605 to alleged infringing activity.
26

27

28

                                      -1-

2.      Plaintiff filed suit in the Northern District of California (C.A. No. 5:10-CV-05862 HRL) against 2010 unnamed DOE defendants, who are identified in its Amended Complaint only by internet protocol (IP) addresses.  Plaintiff alleges that these DOE defendants have obtained an adult video in violation of Plaintiff's copyrights.

3.      DOE No. 605 is a resident of the City of Columbus, Ohio.  Wide Open West is an internet service provider (ISP) that provides internet service to its customers, including DOE No. 605.  Plaintiff, Third Degree Films, on information and belief, is a producer of adult entertainment films and content.  Plaintiff served a subpoena on Custodian of Records, Wide Open West, to compel the disclosure of documents to identify the name, address, telephone number, and e-mail address of DOE No. 605, so DOE No. 605 can be named as a defendant in Plaintiff's copyright infringement action.  A true and correct copy of the subpoena is attached as Exhibit A.

4.      DOE No. 605 has standing to move to quash the subpoena because it seeks disclosure of personal identification information considered to be confidential and over which DOE No. 605 has personal and proprietary interests.  DOE No. 605 also has standing to move to quash the subpoena to protect reputational interests.  FED. R. CIV.P. 45(c)(3)(B) allows a person affected by, but not subject to, a subpoena to move to quash the subpoena.

5.      According to the docket sheet for Plaintiff's suit, no defendant has been identified, served with process, or answered.  The Northern District of California thus lacks personal jurisdiction over any of the DOEs at this point.  The Northern District of California also lacks personal jurisdiction over DOE No. 605.

6.      Plaintiff filed an ex parte application for "early discovery" (before a Rule 26(f) conference) so that it could serve subpoenas on ISPs, such as Wide Open West, to determine the internet subscriber names, addresses, and e-mail addresses associated with the IP addresses listed in its Amended Complaint.  Magistrate Judge Howard Lloyd of the Northern District of California, San Jose Division, entered the order attached hereto as Exhibit B permitting service of subpoenas on ISPs.  Judge Lloyd also set a schedule for filing motions to quash either by the ISPs

-2-

or the DOEs. See Exhibit B Paragraph 5. This Motion to Quash is timely filed as Wide Open

West notified DOE No. 605 of the subpoena on June 13, 2011.

7.      The Third Degree Films complaint and ex parte request for expedited discovery

form yet another in a wave of suits in which copyright infringement plaintiffs seek to "tag" a

defendant based solely on an IP address. However, an IP address is not equivalent to a person or

entity. It is not a fingerprint or DNA evidence – indeed, far from it. In a remarkably similar case

in which an adult entertainment content producer also sought expedited discovery to learn the

identity of persons associated with IP addresses, United States District Judge Harold Baker of the

Central District of Illinois denied a motion for expedited discovery and reconsideration, holding

that, "IP subscribers are not necessarily copyright infringers…The infringer might be the

subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or

someone parked on the street at any given moment." Order of Apr. 29, 2011, VPR Internationale

v. DOES 1-1017, No. 2:11-cv-02068 (Central District of Illinois) (Judge Harold A. Baker)

[hereinafter VPR Internationale Order], attached hereto as Exhibit C. The point so aptly made by

Judge Baker is that there may or may not be a correlation between the individual subscriber, the IP

address, and the infringing activity. Id. The risk of false identification by ISPs based on internet

protocol addresses is vividly illustrated by Judge Baker when he describes a raid by federal agents

on a home allegedly linked to downloaded child pornography. The identity and location of the

subscriber were provided by the ISP (in the same fashion as Plaintiff seeks to extract such

information from Wide Open West.) After the raid revealed no pornography on the family

computers, federal agents eventually learned they raided the wrong home. The downloads of

pornographic material were traced to a neighbor who had used multiple IP subscribers' Wi-Fi

connections. Id. This risk of false identification and false accusations through disclosure of

identities of internet subscribers is also presented here. Given the nature of the allegations and the

material in question, should this Court force Wide Open West to turn over the requested

information, DOE No. 605 would suffer a reputational injury.

8.      DOE No. 605 resided in a three story residential structure that had been subdivided

into various individual sleeping rooms and common areas. DOE No. 605 was the only one of

several persons living in the residential structure that had an internet service provider. His

-3-

personal computer and internet service connection was maintained in a common lounge area on the third floor of said structure. Any resident in the apartment building had access to said personal computer and had ample opportunity to use DOE No. 605 IP address, for their own purposes, without detection. The likelihood that an individual, other than DOE No. 605, infringed Plaintiff's copyrights is too great to support any correlation between DOE No. 605 and the alleged violation that Plaintiff seeks to prove. Here, the risk of reputational injury to a young man from public exposure and association with the Third Degree Films allegations—even if later disproven—is too great and presents an undue burden to DOE No. 605 under FED. R. CIV. P. 45(c)(3)(A)(iv). See VPR Internationale Order, at 3.

9.     If the mere act of having an internet address can link a subscriber to copyright infringement suits, internet subscribers such as DOE No. 605 will face untold reputational injury, harassment, and embarrassment. The reputational risk that Judge Baker found to be an undue burden is equally presented here: "[W]hether you're guilty or not, you look like a suspect." Id. at 3. Moreover, this case presents the same extortion risk that so concerned Judge Baker:

> "Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case."

Id. Discovery is not a game. Yet, plaintiffs in these types of cases use discovery to extort settlements from anonymous defendants who wish to avoid the embarrassment of being publicly associated with this type of allegation. Id. Such abuse of the discovery process cannot be allowed to continue.

10.    Additionally, this subpoena should not have been issued in the first place because the information sought is not relevant to Plaintiff's allegations. Implicit in the rule granting subpoena power is a requirement that the subpoena seeks relevant information. *See Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998)("the reach of a subpoena issued pursuant to [FED. R. CIV. P. 45] is subject to the general relevancy standard applicable to discovery under [FED. R. CIV. P. 26(b)(1)]."). The information linked to an IP address cannot give you the

-4-

identity of the infringer. *VPR Internationale Order*, at 2. Because the infringer could have been anybody with a laptop passing within range of the router, the information sought by Plaintiff is not relevant to the allegations in any way. Id. Moreover, even if the information has some small amount of relevance to the claim—which it does not—discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of burden to the defendant. FED. R. CIV. P. 26(b)(2)(C)(iii). Plaintiff's request fails that balancing test. Given that DOE No. 605 was only one of many persons who could have used the IP address in question, the quantum of relevance is miniscule at best. However, as discussed above, the burden to DOE No. 605 is severe. The lack of relevance on the one hand, measured against the severe burden of risking a significant reputational injury on the other, means that this subpoena fails the Rule 26 balancing test. Id. Plaintiff's request for information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to DOE No. 605 if allowed to proceed. Good cause exists to quash the subpoena served on Wide Open West to compel the disclosure of the name, address, telephone number and e-mail address of DOE No. 605.

11. FOR THESE REASONS, DOE No. 605 requests that this Court quash the subpoena served on Wide Open West in this matter.

DATED:  August 3rd, 2011          Respectfully submitted,


By: /s/ Richard Koehler

Richard Koehler
Koehler Law Office
6 S. Second Street, Suite 205
Hamilton, OH  45011
Telephone:  (513) 868-0008
Fax:  (513) 868-2044
richard@koehlerlawoffice.org
Supreme Court of Ohio #0031407
Attorney for DOE No. 605

## CERTIFICATE OF SERVICE

This is to certify that a true, correct and complete copy of the foreging Motion to Quash Subpoena was served vie First Class Mail, postage pre-paid and Electronic Mail, addressed to Plaintiff's counsel of record as follows:

> Ira M. Siegel
> 433 N. Camden Drive, Suite 970
> Beverly Hills, California  90210
> Email:  irasiegel@earthlink.net

This 3rd day of August, 2011.

/s/*Richard N. Koehler II*
Richard N. Koehler II

-6-